UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America ) | |
| ) | |
| v.  ) | USDC No. 21-cr-725-01 (RDM) |
| Jared Kastner,  *defendant*. ) | |

MOTION TO MODIFY CONDITION OF RELEASE

Defendant, through undersigned counsel Nathan I. Silver, II, Esq. ("counsel"), appointed by this Court under the Criminal Justice Act, respectfully moves the Court to modify the condition of release that restricts his ability to possess firearms during the pendency of this case. The reasons follow.

1. Defendant is charged in a four-count criminal information with misdemeanor offenses the government alleges he committed on January 6, 2021, at the United States Capitol. Those offenses are Entering and Remaining in a Restricted Building or Grounds; Disorderly and Disruptive Conduct in a Restricted Building or Grounds; Disorderly Conduct in a Capitol Building; and Parading, Demonstrating, or Picketing in a Capitol Buildings, violations of 18 U.S.C. §§ 1752(a)(1) and (a)(2), and 40 U.S.C. §§5104(e)(2)(D) and (e)(2)(G), respectively. Defendant is charged with codefendant Luke Faulker, who is charged identically.

2. Defendant was initially charged in the Southern District of Ohio (SDOH) and presented there in a Rule 5 hearing on a criminal complaint, which alleged the same offenses. Defendant was released on his own recognizance there, with no restriction on his ability to possess firearms during release. While the case reposed in Ohio, defendant was supervised by local Pretrial Services Officer Joshua Bohman.

3. Defendant appeared on Dec. 14, 2021, for his initial appearance in the instant case before Mag. Judge Zia M. Faruqui.  Judge Faruqui was charged with the responsibility of determining, under 18 U.S. §3142(c)(1)(B)[1], "the least restrictive further condition, or combination of conditions, that…will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person…(k)(viii) refrain from possessing a firearm, destructive device or other dangerous weapon…"

4. The D.C. Pretrial Services Agency ("PSA")  recommended "General Supervision," including the condition that defendant not "possess a firearm, destructive devics (sic) or other weapons" while on release. (Doc. 10, page 1)  The government requested that the Court impose that and other conditions PSA recommended.  It is counsel's understanding, and believes that this was repeated during the initial appearance, that PSA recommends a no-possession condition for defendants in January 6 cases because many of them reside elsewhere (other than the D.C. metropolitan area) and receive "courtesy supervision" by pretrial officers (in some cases, U.S. Probation) in other districts.  The concern is that those officers might be making home visits and could be endangered by entering a residence where firearms are found.  There appears to be no other stated purpose for the uniform restriction.

4. Defendant opposed the imposition of that restriction.  It is counsel's recollection that defendant represented that he lawfully owned firearms; that he had a valid "concealed carry" license issued by the State of Ohio; that he was not a prohibited person under state or federal law, that he had no criminal history; and that he served on security detail at his local church, where he

---

[1] Pretrial Services recommended, and the government did not oppose, defendant's release with conditions.

was required to be armed during church services. The Court, after hearing from the parties and PSA, granted the request that defendant "not possess a firearm, destructive device or other weapon except as stated below"[2] at his residence or in public areas, subject to the exception that he be permitted to serve on the church's security detail three times weekly (at one service on Wednesdays and two services on Sundays). (Doc. 11, ¶7(t), page 3) The exception further provides that defendant is allowed to use firearms that are kept securely at the church and returned to storage after each time; may not remove the firearms from the premises of the church; and must provide proof to the Southern District of Ohio within 72 hours of his lawful ability to carry a firearm. (Id.) Defendant satisfied the last element the same day (Dec. 14, 2022), through his Ohio counsel, Lawrence J. Greger, by providing by email a copy of his concealed carry permit to Mr. Bohman in Ohio and to Masharia Holman, a PSA officer here.

     5. Defendant, through counsel, raised this issue with the Court at the previous (and first) status hearing in the case, held on Dec. 22, 2021, and advised he would be filing a motion. Defendant sought and obtained, at the request of the government, the positions of the pretrial services officers–Joshua Bohman, providing courtesy supervision in the Southern District of Ohio and Katrina Stanford, providing nominal supervision in D.C.-- involved with the case. It took some time to obtain this information, owing to vacation plans and then a later illness of Off. Bohman. Defendant represents that Off. Bohman does not oppose the lifting of the restriction on defendant's possession of firearms during the pretrial period. He advises that there is likely little need for home visits but should the need arise, he would advise defendant to store the firearms

---

[2] This appears in Doc. 11, "Order Setting Conditions of Release," at page 2, "Additional Conditions of Release," ¶7(k), filed Dec. 14, 2022.

securely before he, Off. Bohman, visited the residence.  He further advised that he feels he has a good relationship with defendant.

6.  Defendant has learned through the government that PSA Off. Katrina Stanford takes no position on defendant's request to have the Court lift the restriction on firearms.

7.  The government has advised counsel that after consulting with its management, it opposes the defendant's motion, notwithstanding the lack of opposition from either pretrial officer Bohman or Stanford.

8. Defendant moves the Court to lift the restriction on his possession of firearms.  The Second Amendment to the Constitution, as interpreted by the U.S. Supreme Court in the case of *McDonald v. Chicago,* 561 U.S. 742 (2010), relying in part on *Heller v. District of Columbia,* 554 U.S. 570 (2008), assures a private person's right to possess firearms in states and localities.  That right may, of course, be subject to reasonable restrictions.

9.  Defendant contends that the restriction here is neither reasonable in or justified by these circumstances.  Defendant does not present any factors that would suggest he's a danger to others.  He has no criminal record; he works at a U.S. Air Force base in Ohio; his background has been vetted by Ohio authorities when he sought and received his concealed carry permit.  Further, he has no history of mental health problems or abusing alcohol, prescription or illegal drugs.  The charges he faces in the instant case are all non-violent misdemeanors.  Allegations do not include either assaults against persons or the vandalizing or destruction of property.

10. Defendant submits that a blanket application in the January 6 set of cases of the non-possession restriction violates a basic principle of our criminal justice system: to treat defendants, and their cases, individually.  Our system is not designed to, nor should it, treat

defendants in bulk, without further discrimination.  A restriction that infringes on a constitutional right should not be considered a "standard condition" of pretrial release, certainly not without an examination into both the need for the restriction and whether or not it is justified in the circumstances, taking into account the nature of the case along with the defendant's background. It should also be pointed out that the defendant stands charged with these offenses but is presumed innocent unless and until proven guilty.

    For the reasons stated above, defendant urges the Court to remove the restriction on the possession of firearms during the pendency of this case.

     A proposed Order is attached.

    WHEREFORE, the defendant respectfully moves the Court to grant said relief.

This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com

CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Monica Ann Stump, Esq., assistant U.S. Attorney for the District of Columbia, and Laura E. Hill, Esq., U.S. Dept. of Justice - CIV, this 21st day of January, 2022.

/s/
_____
*Nathan I. Silver, II*