UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>JARED SAMUEL KASTNER,<br><br>*Defendant.* | No. 21-cr-725 (RDM) |

### ORDER

Pending before the Court is Defendant Kastner's motion to modify conditions of release. Dkt. 20. For the following reasons, the Court will **DENY** the motion.

The Bail Reform Act requires that a defendant on pretrial release be "subject to the least restrictive condition, or combination of conditions" that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). Pursuant to the Act, such conditions may include "refrain[ing] from possessing a firearm, destructive device, or other dangerous weapon." *Id.* § 3142(c)(1)(B)(viii). The Magistrate Judge in this case determined that the "least restrictive" set of conditions that will reasonably assure the safety of the community includes a restriction on his possession of firearms. Dkt. 11 at 2. At Defendant's request, however, the Magistrate Judge created an exception to that condition: "Defendant is permitted to possess a firearm only while on the premises of the Wilmington Baptist Church" during services three times weekly. *Id.* at 3. "The firearm is to be stored and secured on the Church's premises," and Defendant "is prohibited from taking the firearms off of the Church's grounds." *Id.* The purpose of this exception is to allow Defendant to serve on his Church's security detail.

Defendant now moves the Court to lift the remaining restrictions on his possession of firearms while on pretrial release, arguing that they are "neither reasonable . . . [n]or justified by these circumstances." Dkt. 20 at 4. In support of his motion, Defendant asserts that he has "no criminal record"; he "works at a U.S. Air Force base"; he was "vetted" by the State of Ohio when he "sought and received his concealed carry permit"; he has "no history of mental health problems"; and "[t]he charges he faces . . . are all nonviolent misdemeanors." *Id.* He also argues that "a blanket application in the January 6 set of cases of the non-possession restriction violates a basic principle of our criminal justice system: to treat defendants, and their cases, individually." *Id.*

The Court is unpersuaded by Defendant's arguments. First, the firearms restriction is reasonable under the circumstances. Defendant's pretrial release conditions are temporary measures pending trial, and, during this limited time, Pretrial Services officers may need to conduct supervision at Defendant's home. There is, of course, a "critical" need to "safeguard[] the Pretrial Services officers who visit the home [of criminal defendants] in the course of supervision." *United States v. Snead*, No. CR 12-132M, 2014 WL 4473773, at *8 (D.R.I. Feb. 4, 2014); *see also United States v. Smedley*, 611 F. Supp. 2d 971, 974 (E.D. Mo. 2009) (rejecting a Second Amendment challenge to a pretrial release condition prohibiting the defendant from possessing "[a] Glock 179mm handgun in his home"). Here, Defendant represents that the Pretrial Services officer assigned to his case "does not oppose the lifting of the restriction on [his] possession of firearms during the pretrial period." Dkt. 20 at 3. Defendant further reports that, according to the assigned officer, "there is likely little need for home visits but[,] should the need arise, he would advise [D]efendant to store the firearms securely before" the officer "visit[s] the residence." *Id.* at 3–4. The supervising Pretrial Services officer, who appeared at

the hearing on the pending motion, however, expressed a different view and opposed further modification of the firearms restriction. As she explained, Pretrial Services remains concerned that permitting Defendant to keep firearms at his residence poses an unreasonable risk to the officers who may need to conduct a home visit. The Court credits that view.

The Court is also unpersuaded that the condition is unduly restrictive in light of the facts that (1) Defendant does not have a criminal record, and (2) he is charged with non-violent misdemeanors. To start, the Court notes that the Magistrate Judge struck a reasonable balance in this case. Defendant is not categorically barred from possessing firearms, and he may continue to serve on the security detail for his Church. It is exceedingly unlikely that Defendant's Pretrial Services officer will need to visit Defendant while he is at church, and thus, that exception makes sense. Moreover, although Defendant is charged with misdemeanors, he stands accused of being among the first people to breach the U.S. Capitol on January 6, 2021, allegedly entering the building within five minutes of the "initial breach" and reaching the Crypt, "where he was confronted by a line of law enforcement officers." Dkt. 22 at 3. And, although Defendant is not charged with committing a violent crime, he allegedly remained unlawfully in the Capitol building while rioters screamed and pushed against law enforcement. *Id.* The government further alleges that Defendant, during his trip to the Washington region in the days leading up to January 6, researched "Large Capacity Magazines in Virginia" and "concealed carry magazine limit Washington DC," *id.* at 6, suggesting that he owns a weapon equipped with a large capacity magazine and that he brought the weapon with him to the Washington region (most likely, Maryland and Virginia) in the days leading up to the assault on the Capitol. Even crediting Defendant's suggestion that his Internet searches merely show that he was trying to comply with the law, the evidence that he hoped, if lawful, to bring a weapon equipped with a large capacity

magazine to the rally-turned-riot is concerning. The Court accordingly concludes that, in this context, the temporary firearm restriction is necessary reasonably to assure the safety of the Pretrial Services officers during Defendant's supervision.

Second, the Court is unpersuaded that the firearm restriction represents a failure to treat Defendant "individually," as Defendant contends. To the contrary, although the government asked the Magistrate Judge to impose an absolute restriction on Defendant's possession of firearms, the Magistrate Judge, upon learning that Defendant serves as a security officer at his Church, rejected that request and, instead, allowed Defendant to carry a gun three times weekly while serving in the security detail at his Church. Dkt. 22 at 8. That exception to the restriction was granted in recognition of Defendant's unique circumstances and his desire to continue serving his Church. Defendant's suggestion that the Court has held that a firearms restriction should be imposed in every case is also incorrect. Rather, the Court merely concludes that, on the facts of this case, a partial restriction is appropriate and that the Magistrate Judge's decision was reasonably tailored to Defendant's circumstances.

The Court, accordingly, will **DENY** Defendant's motion to modify without prejudice.

**SO ORDERED.**

RANDOLPH D. MOSS
United States District Judge

Date: February 28, 2022