UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | USDC No. 21-cr-725-01 (RDM) |
| Jared Kastner, *defendant*. | ) | |

MOTION TO CONVERT HEARING FROM
IN-PERSON TO VIDEOTELECONFERENC ("VTC")

Defendant, through undersigned counsel Nathan I. Silver, II, Esq. ("counsel"), appointed by this Court under the Criminal Justice Act, respectfully moves the Court to convert the hearing set for August 31, 2022, at 9 o'clock a.m. from in-person to video teleconference ("VTC"). Recently married, the defendant moved to Indiana where his wife already resided and started at a new job there. The defendant fears that having to attend a court hearing in person, which could involve two days of travel to and from Washington, D.C., so soon after having begun his job, could jeopardize his new position. Defendant submits that the purpose of the hearing will not be prejudiced by its conduct remotely and that a complete airing of the issues involved can be made.

Defendant further avers that, far from intending to flout the Court's release order, or even showing neglectfulness in following it, he remained in compliance with the order consistent with its practical enforcement.

As background, the court in Ohio did not order the defendant, as a condition of release, not to possess firearms during the pendency of the case. That condition was imposed on Dec. 14, 2021, when the defendant initially appeared in 21-mj-685 (RMM). Mag. Judge Zia M. Faruqui granted an exception that allowed defendant to possess a firearm while serving on a security detail during services at his church, so long as he provided proof to the Pretrial Services Agency Officer ("PSO") within 72 hours of his release that he possessed a permit to carry a firearm in the State of Ohio.[1] The defendant complied with that condition.

---
[1] ECF Doc. 11, page 3, ¶7(t).

With the permission of PSA Off. Joshua Bohman for the Southern District of Ohio, the defendant turned over his firearms to his father, David Kastner, with whom the defendant resided until recently, who then secured them in a lockbox in his own home for which only he (David) had the key. So long as the defendant did not have access to his firearms, it could not be said that he "possessed" them. The defendant continued to reside with his father until he (the defendant) married and moved to Indiana, where his wife resided.

The firearms about which the violation report was filed are not the defendant's[2] but those of his wife Kaitlyn. The courtesy supervising officer, Shalum Watson, made a home visit to the Indiana residence on July 26. It was then that Ms. Watson learned of the wife's firearms, when the defendant revealed that to her.[3] There followed an exchange by text message, over a period of several weeks, culminating finally on August 15, regarding the issue of the firearms. Two days after the visit, PSA Off. Watson asked, "Hey, Can you remind me what you had said regarding Kaitlyn's Firearms at the residence." It is clear from this question that the only firearms involved were those of defendant's wife, not the defendant himself. After several exchanges in between[4], Ms. Watson advise on August 15, "Also sorry I didn't get back with you regarding firearms but she cannot have firearms in the residence. Wherever you are residing needs to be free of any firearms. I double checked with DC and your conditions." She then asked, "Does your wife have a place to store her firearms until the completion her firearms until the completion of this case?" The defendant answered, "Yes. There is a lockbox." Ms. Watson told the defendant that PSA Off. Katrina Stanford, the officer here, said that "All firearms should be removed from the residence."

---

[2] Those remain with the defendant's father, David Kastner, in Ohio. Mr. Kastner confirmed that with counsel in a conversation today, Saturday, Aug. 27.

[3] The PSA report says, "A home assessment was also conducted on 7/26/2022 and a firearm was discovered within the residence." To say that a firearm was "discovered" is a misnomer. Off. Watson asked about firearms and the defendant told her about his wife's. They were neither visible to Off. Watson nor shown to her; they remained secured during the entire visit. (*See* ECF Doc. 45, "PSA Status Report," Aug. 22, 2022, page 2)

[4] The exchange on the intervening days involves other matters, including verification of residence; pay stubs from defendant's job; no contact with law enforcement, and travel plans. (See Exhibit, Text message exchange between PSA Off. Shalum Watsona and defendant, four (4) pages, July 28 to Aug. 15, 2022.)

It was the defendant's understanding that the condition which obtained in Ohio – that another occupant (namely, his father) of his residence could store the defendant's firearms in a lockbox, making them inaccessible to him – likewise obtained in Indiana.  The defendant had not violated the condition in Ohio, and was determined not to do so in Indiana.  For these reasons, he left his own firearms in Ohio and had his wife store hers in a lockbox to which he will have no access while his case is pending.

The firearms involved are not the defendant's but those of his wife. But the precautions the defendant has taken are the same. So long as he has no access to his wife's firearms, he believed he did not possess them and therefore was complying with his release order.

The defendant, through counsel, advised the government, represented by asst. U.S. Attorney Will Widman, of his intention to file this motion.  The government opposes the conversion of the hearing from in-person to videoteleconference.

For the reasons stated, the Defendant moves the Court to convert the hearing from in-person to VTC.

A proposed Order is attached.

WHEREFORE, the defendant moves the Court to grant said relief.

This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
 email: nisquire@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Will Widman, Esq., U.S. Dept. of Justice - CRM, this 27th day of August, 2022.

/s/
_____
*Nathan I. Silver, II*