UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>JARED SAMUEL KASTNER,<br>　　　　Defendant. | Case No. 21-cr-725-1 (RDM)<br><br>MOTION TO CONTINUE HEARING |

### DEFENDANT'MOTION TO CONTINUE
### FORTHCOMING HEARING BASED ON NEW COUNSEL

COMES NOW, the Defendant, Jared Kastner, by and through counsel, and herewith respectfully moves the Court for an order continuing the hearing scheduled for September 1, 2022, at 9:00 a.m., of this case as it relates to this Defendant for a period of 60 days, to exclude the time within which a trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (the "STA") on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Defendant's attorney Nathan Silver has filed a notice to withdraw, (ECF 50), which has been granted by a minute order from the Court. Defendant has obtained new counsel, the undersigned John M. Pierce, who has entered into an agreement to represent defendant and was retained only yesterday. He has filed a Notice of Appearance, (ECF 49).

Yesterday, Attorney Pierce requested the immediate transfer of the entire *Kastner* file to his firm and the file is hopefully forthcoming, although it has not been received yet. As of this time, Attorney Pierce has only the barest familiarity with the case or the facts surrounding the motion hearing that is currently scheduled for tomorrow, and it would be impossible for him to provide effective assistance of counsel at the hearing in such a short time frame. The continuance of the hearing will allow Counsel time to familiarize himself with the case and hopefully allow Defendant and the Government to further pursue ways for resolution of this matter.

In addition, Attorney Pierce has a long-standing calendar conflict that prevents him from being either being able to attempt to prepare for the hearing or from even appearing at the September 1st hearing. He has a hearing with the Los Angeles Superior Court tomorrow morning in the case of *Beffa v. Pierce Sergenian LLP, et al.*, case number 22STCP00797, on a petition to compel arbitration and to compel payment of arbitration fees. This hearing has been scheduled for over a month, and it was also already previously continued because Attorney Pierce had a conflict with the prior scheduled hearing on that matter on July 18, 2022. That continuance was required because Attorney Pierce had a very lengthy dispositive motions hearing in the Circuit Court of Virginia for Spotsylvania County in the matter of *Cory v. Thompson, et al.*, case number CL22-971 that morning.

Even if this conflict did not exist, it would be practically impossible for Attorney Pierce to adequately prepare for an evidentiary hearing of this importance. He currently has only the barest familiarity with the facts of the case generally, and of the issues involved for the hearing tomorrow. It would be physically impossible for him to marshal sufficient evidence in support of Defendant's position such that he would be able to put witness testimony on or to be prepared to cross-examine any witnesses the government intends to place on the witness stand. He has only the slightest awareness of who such witnesses are, or what they would likely testify to.

Further, he is not able to spend any substantial time between now and the time of the hearing tomorrow because he must spend the majority of that time preparing for the *Beffa* hearing. In addition, even if the conflict would not exist, at this point so close to the hearing, the logistics of Attorney Pierce attempting to travel to Los Angeles to the District of Columbia today are, practically speaking, impossible (both from a cost standpoint in light of attempting to schedule a flight the same day in addition to the standpoint of being able to obtain a flight that would get him to the District of Columbia at any reasonable time in advance of the hearing). The logistics of cross-country travel the day before the hearing would also make it extremely difficult to spend any meaningful time during travel to meaningfully prepare for the hearing. It would also be, practically speaking, impossible to coordinate with and

prepare testimony with witnesses who would also need to travel to the District of Columbia.

In addition, Attorney Pierce has a massive January 6th caseload (currently over 20 cases) that require important motion filings this week that he must spend substantial time on, in addition to a massive civil caseload that also require substantial work this week.

Despite these challenges, Attorney Pierce has done his best over the past several hours to learn whatever he could about the case and to gather some bare amount of understanding and evidence related to the motion tomorrow.

In support of the motion for continuance Attorney Pierce has attached an affidavit of Kaitlyn Kastor (Defendant's wife) evidencing that any firearms that are the subject of tomorrow's hearing that are alleged to have been improperly stored at the household of Defendant have now been removed.

Further, counsel's very brief initial review of the facts indicates the totality of the circumstances do not support revocation or modification of Mr. Kastner's release conditions based on a knowing violation of any plenary firearm bond provision. All the safeguards possible were in place and honored at all times in accordance with the Court's orders and conditions of release.

Kastner expects to file an opposition to the motion as soon as possible, which will make the following points, among others:

1)      Officers indicated they "discovered" that Kastner's dwelling contained firearms; omitting that Kastner <u>himself disclosed</u> the existence of the firearms.

2)      Officers never, in fact, saw any firearms, but were simply told about them by Kastner himself, who couldn't show the firearms to officers because he had no access to them or control over them.

3)      Officers omitted the fact that Kastner's original release conditions in the U.S. Southern District of Ohio allowed him to own firearms so long as Kastner himself had no access to the firearms; and that Kastner's transfer of supervision to the District of Indiana was under the assumption of the <u>same rules and conditions</u>.

4)      Officers omitted that Kastner was recently married and that Kastner's wife Kaitlyn is the owner of the firearms in question.

The issue of prohibited persons dwelling in the same households with nonprohibited persons, who have a Constitutional right to possess arms, has been addressed in a number of law review articles and cases.  *See, e.g.*, Eugene Volokh, *Nonlethal Self-Defense*, 62 STAN. L. REV. 199, 227 n. 121 (2009) (citing *United States v. Hadley*, 431 F.3d 484, 507 (6th Cir. 2005), and *United States v. Kitchen*, 57 F.3d 516, 520 (7th Cir. 1995).).

Notably, the Third Circuit addressed this issue in *United States v. Huet*, 665 F.3d 588 (3rd Cir. 2012). Although the Third Circuit reversed the district court's dismissal of charges against Huet (a non-felon with a right to keep arms who resided with her felon boyfriend), the Third Circuit did so on narrow, fact-related grounds.[1] The Third Circuit recognized Huet's right to keep and bear arms, so long as she did not facilitate her boyfriend's unlawful possession.

The *Huet* case, and federal and state law generally, appear to be settling into agreement that a non-prohibited person such as Kaitlyn Kastner cannot be deprived of her rights simply due to her residence with a prohibited person.

For these reasons, the motion of the United States to revoke Mr. Kastner's release on the basis of a firearm possession allegation will likely not be substantiated by the facts—especially in the context of a misdemeanor case.

In a nutshell, absent a continuance, (i) Attorney Pierce's ability to defend the *Beffa* motion tomorrow morning (a motion in a case in which he is a personally named defendant as well), would likely be fatally compromised (ii) even if he attempted to travel from Los Angeles to the District of Columbia today he may well not be able to physically appear in Court at the ordered time (iii) there would be no practical way for Attorney Pierce to adequately prepare for witness testimony

---

[1] Huet was charged with facilitating and aiding and abetting her boyfriend's unlawful firearm use, and prosecutors contended that she committed overt acts in furtherance of such crimes.

including arranging for the presence of witnesses on behalf of Defendant and the ability to prepare with them in advance of the hearing and (iv) thus, Defendant Kastner would have no reasonable way to ensure he had any effective assistance of counsel at the hearing.

## **CONCLUSION**

For the above and foregoing good and sufficient reasons, Defendant Kastner respectfully submits that it is a practical necessity that the Court continue the hearing for some substantial period of time. Defendant requests a 60 day continuance of the hearing.

WHEREFORE, Defendant Jared Kastner prays that this Honorable Court enter an order continuing the hearing scheduled for September 1, 2022, as it relates to the Defendant Jared Kastner, for a period of 60 days

Respectfully submitted,

Dated: August 31, 2022

/s/ John M. Pierce
John M. Pierce
John Pierce Law, P.C.
21550 Oxnard Street
3d Floor, PMB 172
Woodland Hills, CA 91367
Tel: (213) 279-7846
jpierce@johnpiercelaw.com

*Attorneys for Defendant*
*Jared Kastner*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on August 31, 2022, this motion and the accompany declaration was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

                                      /s/ John M. Pierce
                                      John M. Pierce