**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 21-cr-725 (RDM) |
| JARED SAMUEL KASTNER, | |
| *Defendant*. | |

**ORDER**

Upon consideration of Defendant's Motion to Continue Forthcoming Hearing Based on New Counsel, Dkt. 52, it is hereby ORDERED that the motion is GRANTED IN PART and DENIED IN PART.

The purpose of this hearing is to ascertain whether there is "clear and convincing evidence that [Mr. Kastner] has violated any . . . condition of release," and if he did, then to determine whether "there is no condition or combination of conditions of release that will assure that [Mr. Kastner] will not flee or pose a danger to the safety of any other person in the community" or whether the Defendant "is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b). Defendant's request for a sixty-day continuance demonstrates a lack of appreciation for the purpose of this hearing.

The Court is also unpersuaded by counsel's stated concerns regarding his ability to prepare for this hearing. On August 26, 2022, the Court set an in-person hearing to occur on August 31, 2022. The following day, Defendant moved to convert the in-person hearing to a video hearing, and the Court delayed the hearing until September 1, 2022 to permit the parties to brief that issue. On August 29, 2022, the Court denied Defendant's motion to convert and

reaffirmed Defendant's obligation to appear in person on September 1, 2022.  The following

day—after the Court had reaffirmed the date for the in-person hearing, Defendant's new counsel,

John M. Pierce, filed a notice of appearance, and his prior counsel, Nathan Silver, filed a motion

for leave to withdraw.  Neither Mr. Pierce nor Mr. Silver indicated that Mr. Pierce would be

unable to attend the scheduled hearing, and, assuming that Mr. Pierce intended to appear in Mr.

Silver's stead, the Court granted Mr. Silver's motion to withdraw.  It was only after all of that

occurred that Mr. Pierce filed a motion—after 2:00 pm on the day before the scheduled

hearing—indicating that he is unavailable to attend the hearing and that his presence is required

at a hearing in California scheduled for the same day.

Had Mr. Pierce merely sought a day or two adjournment, the Court might see things in a

different light, notwithstanding the inconvenience to the witnesses, counsel, and the Court posed

by Mr. Pierce's failure to disclose his scheduling conflict before the Court acted on Mr. Silver's

motion for leave to withdraw.  But Mr. Pierce goes well beyond asking the Court to

accommodate a scheduling snafu and, instead, asks the Court to postpone the matter for sixty

days, explaining that he knows almost nothing about this case; that he has a "massive January 6th

caseload"; and that he has a "massive civil caseload."  Dkt. 52 at 4.  If so, Mr. Kastner needs to

find different counsel—or needs to ask the Court to appoint counsel—to represent him at the

hearing regarding the alleged violation of an important condition of his pretrial release.  As Mr.

Pierce surely understands, the delay that he proposes would effectively decide the issue currently

before the Court without the benefit of the hearing that the Court, just two days ago, decided was

necessary.  The Court expresses no view on whether Mr. Kastner was—or was not—in violation

of the terms of his pretrial release, but he may not unilaterally dispose of the issue by retaining

new counsel who professes an inability to provide effective assistance to his client without

"some substantial period" of delay.

In the interest of justice and to ensure that Mr. Kastner is represented at the hearing, the

Court will nonetheless postpone the hearing until early next week, but cautions Mr. Kastner that,

if Mr. Pierce is unable to give this case the attention it deserves, Mr. Kastner should promptly

retain new or additional counsel or should inform the Court that he needs the assistance of

appointed counsel for purposes of the hearing.

The Court, accordingly, **ORDERS** that the hearing scheduled for September 1, 2022 is

hereby **VACATED** and **RESCHEDULED** for September 6, 2022 at 9:00 a.m. in person in

Courtroom 8.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  August 31, 2022