UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case: 21-cr-725-1 (RDM) |
| | : |
| JARED SAMUEL KASTNER | : |
| | : |
| Defendant. | : |

**<u>Defendant's Brief Following Status Hearing Regarding Pre-Trial Violation Report</u>**

COMES NOW Defendant JARED SAMUEL KASTNER ("Kastner"), by and through counsel, with this brief following the Status Hearing Regarding Pre-Trial Violation report.

First, at the Status Hearing held on September 6, 2022, Indiana Pretrial Services Officer Shallon Watson testified that she would feel safe supervising Mr. Kastner if no firearms were kept in Mr. Kastner's residence. Per the Court's Minute Order issued after the status hearing and as ordered during the hearing itself, no firearms will kept in their residence during the pendency of the case. Therefore, per Ms. Watson's testimony, she should feel safe continuing to supervise Mr. Kastner during his pretrial release.

Next, the Supervisor of Pretrial Services in Washington, D.C., Takeysha Robinson, explained that the Court has several options to keep pretrial services officers safe short of incarcerating Mr. Kastner. These options include home detention, curfew, or increased unannounced visits to ensure Mr. Kastner's compliance with his pretrial release conditions.

Furthermore, Mr. Kastner testified that he would comply with all pretrial release conditions and with the Court's orders. Mr. Kastner's wife, Kaitlyn Kastner, and his father, David Kastner, also testified under oath they would take all necessary steps to ensure Mr. Kastner's compliance.

Mr. Kastner is a recently married young man who seeks to follow and uphold the law. Mr. Kastner asks the Court to give him the opportunity to comply with the Court's unequivocal order that was issued to himself and his wife at the hearing and as set forth in the Minute Order at the end of the Status Hearing on September 6, 2022.

Respectfully, both Kastner and his counsel are concerned with the term "proximity" in the order issued during the hearing and as set forth in the Minute Order ("Defendant may not reside in any residence with firearms, be in a vehicle with firearms, or in proximity to any firearm no matter how they are stored. . ."). The term seems open to rival interpretations, and seems ambiguous such that Defendant could be found in violation through no intent or true fault of his own. In daily practice, many people may be considered to be in proximity to firearms while visiting a sporting goods store or even attending a concert or sporting event where they are seated near a security guard.  We respectfully ask the Court to clarify that aspect of the order given during the hearing and as set forth in the Minute Order, perhaps considering a term such as constructive possession or some similar alternative.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 8, 2022, this brief was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

/s/ John M. Pierce
John M. Pierce
