## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

**UNITED STATES OF AMERICA**

**v.**

**JARED SAMUEL KASTNER,**

**Defendant.**

</td><td>

Case No.
21-cr-725 (MAU)

</td></tr>
</table>

## <u>ORDER</u>

Before the Court is Defendant Jared Kastner's ("Kastner") Motion to Modify Conditions on Second Amendment Grounds.  ECF No. 88.  Kastner moves this Court to amend his pretrial release condition prohibiting firearm possession, arguing that a change in law renders the condition unconstitutional.  *See id.*  The government opposes Kastner's motion, arguing that Kastner has failed to present any intervening change in law, clear error, or new evidence to justify reconsideration of his conditions of release.  *See* ECF No. 95.  In the alternative, the government argues that Kastner's pretrial conditions of release are constitutional.  *Id.*  For the following reasons, the Court **DENIES** Kastner's motion.

This is Kastner's fourth attempt to amend his pretrial conditions of release related to the firearm restriction.[1]  The Court will not repeat all the facts set forth in the previous orders denying Kastner this relief except to summarize as follows.  *See* ECF No. 35; ECF No. 42.  On December 13, 2021, Kastner appeared for his first appearance in this District before a Magistrate Judge.

---

[1]     Kastner is charged with: knowingly entering or remaining in a restricted building or grounds without lawful authority, in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); disorderly conduct in a Capitol building or grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G). Before the Parties consented to proceed before this Court for all purposes on December 21, 2022, a District Judge was presiding over Kastner's case.  *See* ECF No. 71, 73.

1

Kastner requested a modification to the Court's standard conditions of release which restrict firearm possession, citing the fact that he was an armed security guard at his church. The Court granted Kastner's request and modified his conditions to allow him to possess a firearm while he was on the job during church services three times per week. ECF No. 11 at 3 ("Outside of that limited exception, Defendant is prohibited from possessing firearms at any other time outside of the services mentioned.").

On January 21, 2022, Kastner filed a motion to modify his conditions of release, arguing that the firearms restriction was unreasonable. ECF No. 20. The Court heard argument on the motion on February 18, 2022, including testimony from a D.C. Pretrial Services officer who opposed Kastner's requested modification. On February 28, 2022, the Court issued a written order denying Kastner's motion and upholding the partial restriction on firearm possession under the Bail Reform Act, 18 U.S.C. § 3142(c)(1)(B). *See* ECF No. 35. The Court found the condition to be "reasonably tailored" and "appropriate" given Kastner's individual circumstances. ECF No. 35. On April 13, 2022, Kastner filed a motion for reconsideration, citing other cases in this District where the Court removed firearms restrictions for similarly-situated defendants. ECF No. 37. On May 13, 2022, the Court issued a second written order denying Kastner's motion for reconsideration and finding that Kastner failed to offer any "new facts or argument." ECF No. 42 at 8. The Court reiterated that the restriction was reasonably tailored to Kastner's individual circumstances. *Id.* at 9-10.

Significantly, on August 22, 2022, the D.C. Pretrial Services Agency filed a Pretrial Violation Report recommending Kastner's removal from supervision after a Pretrial Services

Officer in the Southern District of Indiana[2] discovered a firearm in his residence during a home visit.  ECF No. 45.  On September 6, 2022, the Court held a pretrial violation hearing and found by clear and convincing evidence that Kastner violated his pretrial conditions of release by keeping a firearm in his residence.  ECF No. 57.  Because of the violation, the Court sanctioned Kastner to home confinement for thirty days and removed all access to firearms for Kastner and his wife.  ECF No. 57.  Kastner has not violated his conditions of release since the Court amended its prior order.  He filed this Motion after the Parties consented to proceed for all purposes before the undersigned magistrate judge.  *See* ECF No. 69, 73.  Given that Kastner has moved multiple times to amend his conditions of release, the Court construes this Motion as yet another motion to reconsider.  *See* ECF No. 95 at 1 n.1.

Although the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration, the Supreme Court has "recognized . . . the utility of such motions" for courts to "promptly . . . correct their own alleged errors."  *United States v. Ferguson*, 574 F. Supp. 2d 111, 113 (D.D.C. 2008) (quoting *United States v. Dieter*, 429 U.S. 6, 8 (1976) (per curiam)); *see also In re Liuksila*, 131 F. Supp. 3d 249, 255 (D.D.C. 2016) ("This Court has adopted such a philosophy by regularly entertaining motions for reconsideration in a criminal context, applying the analogous Federal Rules of Civil Procedure.").  Courts in this District have looked to Federal Rule of Civil Procedure 54(b) to provide the applicable standard of review and have entertained motions for reconsideration "'as justice requires.'"  *Hoffman v. District of Columbia*, 681 F. Supp. 2d 86, 90 (D.D.C. 2010) (quoting *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000)).  Courts have construed this to mean that the moving party must show either that: "(1) there has been an

---

[2]     In June 2022, Kastner moved to Indiana.  The Pretrial Services Agency of the Southern District of Indiana has been providing courtesy supervision to Kastner.  *See* ECF No. 45.

intervening change in controlling law, (2) there is new evidence, or (3) there is a need to correct clear error or prevent manifest injustice." *United States v. Ferguson*, 574 F. Supp. 2d 111, 113 (D.D.C. 2008); *see also United States v. Coughlin*, 821 F. Supp. 2d 8, 18 (D.D.C. 2011) (setting forth and following the same standard); *United States v. Libby*, 429 F. Supp. 2d 46, 47 (D.D.C. 2006) (same).

First and foremost, Kastner presents no new evidence or a change in factual circumstances to warrant reconsideration of the Court's previous decisions setting conditions of release. Kastner's motion largely raises the same arguments that the Court has previously addressed in detail. *See* ECF No. 88; ECF No. 96.

Second, as to change in law, Kastner argues that two recent federal decisions, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and *United States v. Quiroz*, No. 22-CR-00104, 2022 WL 4352482 (W.D. Tex. Sept. 19, 2022), reflect an intervening change in law that warrants modification of the firearm-related condition. ECF No. 88 at 1-2. Kastner "asserts that the framework constitutional law and legal principles governing the instant question of a condition on Defendant's release on bail awaiting trial have shifted underneath the current status and order." ECF No. 96 at 3. As such, he "requests an order striking all conditions of his pre-trial release which limit or interfere with his 2nd Amendment rights of his wife, family, and household." ECF No. 88 at 2. The government responds that Kastner has raised no new issue on reconsideration warranting modification of the firearm-related condition. ECF No. 95 at 11. Therefore, in the government's view, this Court is precluded from revisiting Kastner's pretrial conditions of release. *Id.* The government further argues that, even assuming no such procedural bar exists, the Court should deny the motion because the firearm restriction is permissible under the Bail Reform Act and the Second Amendment. *Id.* at 17-18.

Neither *Bruen* nor *Quiroz* warrant modification of Kastner's conditions.   In *Bruen*, the Supreme Court addressed New York's "proper cause" licensing statute, which required an applicant seeking to purchase a firearm to make a showing that he or she is of good moral character, has no history of crime or mental illness, and that no good cause exists for the denial of the license. 142 S. Ct. at 2123.  The Court struck down the New York statute, concluding that it violated the Second and Fourteenth Amendments and prevented "law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id.* at 2156.  The Court did not, however, address the constitutionality of restricting a person's right to possess a firearm after being charged with a federal crime as a condition of pretrial release.  Significantly, the Supreme Court neither addressed nor disturbed the Bail Reform Act, which expressly authorizes a court in certain circumstances to, among other things, restrict a defendant's possession of a firearm. 18 U.S.C. § 3142(c)(B)(viii).  Nor did the Supreme Court disturb the well-settled law that "the Government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest."  *United States v. Salerno*, 481 U.S. 739, 748 (1987); *see also Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, [lower courts] should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions.").[3]  And *Bruen* certainly did not curtail the Court's ability to restrict firearm possession as a condition of release to a defendant who had already violated that very condition by clear and convincing evidence.

---

[3]     Imposing conditions under the Bail Reform Act often implicates an individual's constitutional rights. *See United States v. Wendt*, No. 4:22-cr-00199, 2023 WL 166461, at *4 (S.D. Iowa Jan. 11, 2023) ("Like the loss of liberty that occurs when a defendant is detained, the imposition of conditions of release will often impact constitutional rights. Any restriction on personal associations, for example, is an unmistakable limitation on First Amendment rights.").

*Quiroz* is also inapposite.  In that case, the United States District Court for the Western District of Texas applied *Bruen* to strike down 18 U.S.C. Section 922(n), which criminalizes receipt of a firearm by persons under felony indictment.  2022 WL 4352482, at *13.  Importantly, the court expressly declined to address whether *Bruen* applied to invalidate as unconstitutional the restriction of firearms as a condition of pretrial release.  *Id.* at *11 ("And even if restricting a defendant's right to possess a firearm as a condition of pretrial release is constitutional—*an issue which this Court does not consider here*—that doesn't also make § 922(n)'s restrictions in the indictment stage constitutional.") (emphasis added).  The *Quiroz* court went so far as to distinguish those pretrial proceedings from the posture at issue in a case challenging Section 922(n).  *Id.* at *11 (contrasting detention hearings and pretrial release conditions from Section 922(n), stating "detention hearings have substantial procedural safeguards" and "occur at a different stage in the proceeding—often after indictment.").  Not only is this case non-binding in this Circuit, but it is also plainly inapplicable.  As it stands, neither *Bruen* nor *Quiroz* invalidate the authority of this Court to impose pretrial conditions of release restricting use or possession of firearms.[4]  The Bail Reform Act still controls the analysis.

As a final note, the Court does not disagree with Kastner that, as a general proposition, the Second Amendment is not a "second class right."  ECF No. 88 at 7.  In this case with its specific

---

[4]     Even if this Court were to apply *Bruen* to the constitutionality of pretrial restrictions on the possession of firearms, this Court would uphold its authority to impose such restrictions under the Bail Reform Act as there is a "longstanding historical tradition of analogous regulations to the pretrial restriction on possessing firearms." *Wendt*, 2023 WL 166461, at *5; *see also United States v. Fencl*, No. 21-CR-3101, 2022 WL 17486363, at *4 (S.D. Cal. Dec. 7, 2022) ("This Court finds that when properly interpreted, the Second Amendment permits the restriction of firearm possession by individuals under supervision as a result of pending criminal charges."); *United States v. Perez-Garcia*, No. 3:22-CR-01581, 2022 WL 4351967, at *7 (S.D. Cal. Sept. 18, 2022) (holding the same); *United States v. Slye*, No. 1:22-mj-144, 2022 WL 9728732, at *3 (W.D. Pa. Oct. 6, 2022) (same).

factual posture and history, however, Kastner's argument misses the point.   Congress has specifically granted courts authority to curtail those rights in certain circumstances by virtue of the Bail Reform Act.   As set forth in the extensive record, including the two written District Court opinions on Kastner's motions to modify this condition, there are specific reasons warranting the restriction, not least of which is the fact that Kastner was found to have been in violation of the very condition he seeks to remove.   Because Kastner has failed to raise a change in factual circumstances, an intervening change in law, or a reason to correct a manifest injustice, his Motion fails.   The Court **DENIES** his motion to reconsider.

Date: March 16, 2023

_____

MOXILA A. UPADHYAYA
United States Magistrate Judge