UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case: 21-cr-725-1 (RDM) |
| | : |
| JARED SAMUEL KASTNER | : |
| | : |
| Defendant. | : |

**DEFENDANT KASTNER'S RESPONSE TO DISTRICT COURT'S QUERY REGARDING APPEALABILITY OF MAGISTRATE'S DETENTION ORDER.**

COMES NOW, the Defendant, Jared Kastner, by and through counsel, and herewith respectfully responds to the District Court's 4/3/2023 MINUTE ORDER to submit a filing "addressing whether Magistrate Judge Upadhyaya's Order, Dkt. [97], is appealable to this Court under 28 U.S.C. § 636 or any other authority."

Kastner submits that, under the relevant rules and statutes in question and case law regarding the question, (1) the Magistrate Judge's order is appealable, and (2) to this Court.

Of course, 28 USC 636 is a section of the United States Code that outlines the jurisdiction, powers, and temporary assignment of United States magistrate judges. But even in cases where a Magistrate is given authority by a district court

"for all purposes," (Min. Order (Dec. 21, 2022), such authority is not plenary, limitless, or unappealable.

In *United States v. Maull*, 773 F.2d 1479 (8th Cir. 1985), the issue presented was whether under the Bail Reform Act of 1984, 18 U.S.C. § 3142, a district court could review a defendant's appeal for a reduction of a magistrate's bond order, may on its own motion call for a detention hearing and order a defendant detained pending trial. A panel of the Eighth Circuit held that the district court is without the authority to do so. "We granted rehearing en banc and we now hold that the district court has such power." "We thus affirm the order of the district court."

In *United States v. Rueben*, 974 F.2d 580 (5th Cir. 1992) the Fifth Circuit addressed a case where a district court revoked a magistrate's release-from-pretrial-detention order (after first sustaining it).  The 5th Circuit found the decision of the district court "not supported by the proceedings below and we therefore reverse and vacate."  At no time in the proceedings did either the government or any court find that there was no avenue for appellants to appeal.  Rather, the 5th Circuit described the duties and roles of the courts as follows:

> When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir.1985). Absent an error of law, we must uphold a district court order "if it is supported by the proceedings

>below," a deferential standard of review that we equate to the abuse-of-discretion standard. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir.1989). On appeal, the question becomes whether the evidence as a whole supports the conclusions of the proceedings below. *United States v. Trosper*, 809 F.2d 1107, 1111 (5th Cir.1987).

Id. At 585-86.

Perhaps the most directly on-point case is *United States v. Green*, 793 Fed.Appx. 223, 793 Fed.Appx. 223 (5th Cir. 2019), an unpublished case involving a tax-evasion defendant who initially did not object to a no-firearms condition when it was imposed. Later, a magistrate judge denied a motion to modify Green's conditions to allow Green to possess firearms. "Green filed objections to the no-firearms condition with the district court and . . . the district court affirmed the condition. Green noticed his interlocutory appeal with this court a week later." The 5th Circuit held that "[w]hen the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination. . . ." "Here, the district court affirmed in full the magistrate judge's pretrial release no-firearms condition in a two-line electronic order, without providing any discussion as to how the condition was proper under the statute. Moreover, the record is not developed enough at this point to provide an independent ground for our affirming the condition."

The Green Court found an abuse of discretion and remanded for the district court to "conduct additional fact-finding concerning Green's pretrial release no-firearms condition." "Because we remand on this basis, we need not reach the merits of Green's constitutional arguments." Never did the 5th Circuit pronounce that it was without jurisdiction to examine Green's pre-trial firearm condition.

In Kastner's case, Kastner will have the full right to possess and carry firearms at the very instant this case is closed.  If he pled guilty today, he could likely be able to possess firearms tomorrow.  And the right to bear arms is a fundamental constitutional right. *New York Rifle and Gun Club v. Bruen*.

Dated: April 10, 2023

RESPECTFULLY SUBMITTED,

*/s/ John M. Pierce*
John M. Pierce
21550 Oxnard Street,
3rd Floor OMB #172
Woodland Hills, CA 91367
(213) 279-7648
jpierce@johnpiercelaw.com

CERTIFICATE OF SERVICE

I hereby certify and attest that on April 10, 2023, I uploaded this document to the Court's ECF electronic filing system, thereby serving the document on all parties.

/s/ John Pierce