**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 1:21-CR-725 (MAU)** |
| | : | |
| **JARED SAMUEL KASTNER,** | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MOTION *IN LIMINE***
**TO PRECLUDE IMPROPER DEFENSE ARGUMENTS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia and undersigned counsel, respectfully moves this court *in limine* to preclude improper defense arguments. The United States asks that the Court grant the requested relief or, if the Court reserves ruling, to consider the below arguments when the relevant issues arise during trial.

**A. First Amendment**

The Defendant was interviewed by law enforcement following his arrest on December 8, 2021 and made certain inculpatory statements. In addition, the Defendant moved to dismiss the pending charges on First Amendment grounds. ECF 114. The United States moves this Court to admit in its case-in-chief statements that evince Defendant's motive or intent, or which go to prove an element of any offense with which he is charged. In anticipation that Defendant may seek to oppose introduction of Defendant's statements on First Amendment grounds or may cite the First Amendment in arguments to the jury, the United States also moves *in limine* to preclude the defense from eliciting evidence or arguing to the jury that Defendant's statements and actions were protected by the First Amendment.

### 1.   Admission of Defendant's Statements Do Not Violate the First Amendment

The United States may introduce several statements by Defendant that will aid the jury's determination on Defendant's motive and intent.  *See Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993) (holding that the First Amendment "does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent").  "Evidence of a defendant's previous declarations or statements is commonly admitted in criminal trials subject to evidentiary rules dealing with relevancy, reliability, and the like." *Id.*

Courts across the country, including this Court's colleagues in January 6th cases, have allowed evidence of defendants' statements for the purposes sanctioned by *Mitchell*.  As Judge Cooper ruled:

> Nor does the Court find any First Amendment concerns in the government's use of Robertson's statements to show intent. . . .  If Robertson had expressed his views only through social media, he almost certainly would not be here.  But he also allegedly took action—entering the Capitol without lawful authority in an alleged attempt to impede the Electoral College vote certification.  His words remain relevant to his intent and motive for taking those alleged actions.

*United States v. Robertson*, 588 F. Supp. 3d 114, 124 (D.D.C. 2022) (internal citation omitted). Outside of the context of January 6th, *Mitchell* has been cited to uphold the admission of a wide range of statements, including but not limited to rap lyrics, terrorist materials, and speeches advocating civil disobedience.  *See United States v. Smith*, 967 F.3d 1196, 1205 (11th Cir. 2020) (rap lyrics); *United States v. Pierce*, 785 F.3d 832, 841 (2d Cir. 2015) (rap lyrics and tattoos); *United States v. Salameh*, 152 F.3d 88, 111–12 (2d Cir. 1998) (terrorist materials); *United States v. Fullmer*, 584 F.3d 132, 158 (9th Cir. 2009) (speeches advocating civil disobedience).[1]

---

[1] The court in *Fullmer* specifically noted that one defendant's conduct—which included writing an editorial and recruiting speakers to travel and advocate on behalf of his organization—was not criminal, and that punishing him based on that conduct alone would be unconstitutional. *Fullmer*, 584 F.3d at 158.  The court nonetheless, citing *Mitchell*, held that this defendant's "conduct . . .

Defendant's statements that shed light on the elements of the offenses, or motive or intent, should be admitted in this case as expressly permitted by *Mitchell*, regardless of whether any of those statements may otherwise constitute speech protected by the First Amendment.

### 2. Defendant Should be Precluded from Raising a First Amendment Defense to the Jury

The United States also moves *in limine* to preclude Defendant from arguing to the jury that his conduct was protected by the First Amendment.[2]  None of the offenses with which Defendant is charged punish speech.  The crimes with which Defendant is charged punish actions taken during the riot.

If the United States establishes the elements of any of the offenses with which Defendant is charged, the First Amendment provides no defense, even if evidence of Defendant's crimes are intertwined with political discussion and rhetoric.  *See United States v. Amawi*, 695 F.3d 457, 482 (6th Cir. 2012) ("[A]lthough the conspiracy was closely related to, and indeed proved by, many of the defendants' conversations about political and religious matters, the conviction was based on an agreement to cooperate in the commission a crime, not simply to talk about it."); *see also United States v. Hassan*, 742 F.3d 104, 127–28 (4th Cir. 2014) (citing *Amawi*).

Accordingly, any line of cross-examination or argument Defendant may wish to make regarding the First Amendment is irrelevant because it lacks a "tendency to make the existence of [a] fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed. R. Evid. 401, and because Defendant is not entitled

---

does provide circumstantial evidence from which a jury could have reasonably inferred that Harper was involved in a conspiracy."  *Id*.

[2] Much of the Defendant's reciprocal discovery does not appear to satisfy Fed. R. Evid. 104's relevancy threshold. Based on the reciprocal discovery recently provided on June 28, 2023, by the Defendant, the Government has additional grounds to expect a First Amendment defense.

to a First Amendment defense as a matter of law.  The Court should exclude any questioning and argument along those lines under Fed. R. Evid. 403.  Any attempt to shift the jury's attention to questions about whether Defendant's statements were protected by the First Amendment, rather than the charged offenses risks confusing the issues, wasting time, and unfairly prejudicing the jury.

### B. Charging Decisions and Selective Prosecution

The United States moves *in limine* to exclude all evidence and arguments regarding its charging decisions.  The Supreme Court has recognized that the "Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985)). "They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to 'take Care that the Laws be faithfully executed.'" *Id.* (quoting U.S. Const. Art. II, § 3); *see* 28 U.S.C. §§ 516, 547.  As a general matter, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also United States v. Batchelder*, 442 U.S. 114, 125 (1979) ("Selectivity in the enforcement of criminal laws is, of course, subject to constitutional constraints.").

Indeed, the D.C. Circuit has recognized that a selective prosecution claim implicates "an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged." *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983); *see also United States v. Stone*, 394 F.Supp.3d 1, 30 n.24 (D.D.C. 2019) ("[T]he Supreme Court found that a claim of selective prosecution is not a 'defense' that triggers discovery

under Rule 16, because a claim of selective prosecution is not a response to the government's case-in-chief."); *Armstrong*, 517 U.S. at 463 (noting that a "selective-prosecution claim is not a defense on the merits to the criminal charge"). After all, evidence that some other individual is currently uncharged or has been charged with a lesser crime than those charged here has no probative value to the issues at trial and serves only to confuse or mislead the jury. *See* Fed. R. Evid. 402, 403; *see also United States v. Reed*, 641 F.3d 992, 993–94 (8th Cir. 2011) (collecting cases and observing that "[s]everal circuits have unanimously upheld the exclusion of evidence of prior charging decisions on the ground that many factors unrelated to guilt may influence those decisions and their admission therefore risks misleading the jury and confusing the issues"); *United States v. Sutton*, No. CR 21-0598, --- F.Supp.3d ---, 2022 WL 13940371, at *18 (D.D.C. Oct. 23, 2022)("These issues are irrelevant, inappropriate for consideration by the jury, invite jury nullification, and distract from the issues at trial.").

Defendant should be precluded from introducing evidence or making arguments regarding charging decisions made by the United States. To the extent that Defendant seeks to present evidence or arguments that other individuals have not been charged for related conduct or that it is unfair that he has been charged, while other individuals involved in related criminal conduct remain uncharged or charged with lesser offenses, such evidence is irrelevant, inadmissible, and serves only to divert the jury's attention to matters unrelated to Defendant's guilt or innocence.

### C. Entrapment or Public Authority Defenses

Defendant should be prohibited from making arguments or attempting to introduce evidence that law enforcement gave permission to defendants to enter the U.S. Capitol. A public authority defense is available only where a defendant "has knowingly acted in violation of federal criminal law, but has done so in reasonable reliance on the authorization of a governmental

official." *United States v. Alvarado*, 808 F.3d 474, 484 (11th Cir. 2015).  Relatedly, the defense

of entrapment by estoppel applies only "to a defendant who reasonably relies on the assurance of

a government official that specified conduct will not violate the law." *Id*. at 484–85.  Such reliance

must be "objectively reasonable."  *United States v. Barker*, 546 F.2d 940, 948 (D.C. Cir. 1976).

This defense is unavailable in this case, and the United States moves *in limine* to exclude evidence

or argument targeted at such a defense.

     As a threshold matter, Defendant has not provided the requisite notice for such a defense.

Federal Rule of Criminal Procedure 12.3(a)(1) requires defendants to provide notice if they

"intend[ ] to assert a defense of actual or believed exercise of public authority on behalf of a law

enforcement agency or federal intelligence agency at the time of the alleged offense."  Fed. R.

Crim. P. 12.3(a)(1).  Such notice must be in writing and be filed with the clerk "within the time

provided for filing a pretrial motion, or at any later time the court sets."  Id.  The notice must

contain the law enforcement or federal intelligence agency involved, the specific agency member

on whose behalf the defendant claims to have acted, and the time during which the defendant

claims to have acted with public authority.  Fed. R. Crim. P. 12.3(a)(2)(A)–(C).  A failure to

comply allows the court to exclude the testimony of any undisclosed witness except the defendant.

Fed. R. Crim. P. 12.3(c).  Because, as of the date of this filing, Defendant has not served notice

pursuant to Rule 12.3(a)(1), any such defense should be precluded.

     Even where notice is not an issue, courts in other January 6 cases have excluded public

authority or entrapment-by-estoppel defenses.  *See United States v. Williams*, No. 21-cr-377-BAH,

at *2 (D.D.C. June 8, 2022), ECF No. 87; *see also United States v. Chrestman*, 525 F. Supp. 3d

14, 32–33 (D.D.C. 2021); Memorandum and Order (analyzing limitations on public authority

defenses and noting their unlikely application in January 6 cases).  In the event Defendant belatedly

provides notice of such a defense, the United States reserves the right to move to preclude such arguments at that time.

### D. Jury Nullification

Defendant should be prohibited from making arguments or attempting to introduce irrelevant evidence that encourages jury nullification.  As the D.C. Circuit has made clear:

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law.  Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*Washington*, 705 F.2d at 494.  Evidence that serves only to support a jury nullification argument or verdict has no relevance to guilt or innocence.  *See United States v. Gorham*, 523 F.2d 1088, 1097–98 (D.C. Cir. 1975); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant.").  In particular, the Court should permit no argument, evidence, or questioning regarding the following topics, which would serve only to encourage jurors to decide the case based on factors other than the facts and the law.

### 1. Use of Federal Resources and the Volume and Timing of Discovery

The United States requests Defendant be precluded from arguing or eliciting testimony regarding the volume, nature, or timing of discovery or the volume and type of federal resources used in the investigation and prosecution of the case.  Any attempt by Defendant to comment on discovery or allocation of federal resources is irrelevant and unduly prejudicial.  Fed. R. Evid. 401, 402, 403.  Instead, such arguments and testimony invite the jury to improperly consider its feelings towards the United States and the government's decision making about how to allocate resources.

### 2. Defendant's Claimed Good Character

*Character Generally*.  The Court should exclude evidence and argument from Defendant on reputation or opinion evidence that Defendant is generous, charitable, family-oriented, religious, or a contributor to his community.  Evidence that a defendant possesses certain favorable character traits is admissible only when the trait is "pertinent" to the offense charged.  Fed. R. Evid. 404(a)(2)(A); *see, e.g., United States v. Harris*, 491 F.3d 440, 447 (D.C. Cir. 2007); *United States v. Santana-Camacho*, 931 F.2d 966, 967–68 (1st Cir. 1991) (Breyer, C.J.).  But defendants may not provide evidence of possessing a generally good character.  *See, e.g., United States v. Hill*, 40 F.3d 164, 168 (7th Cir. 1994) (court properly excluded "classic character evidence offered to prove that [defendant] had a good character and acted in conformity therewith").  Such evidence only promotes jury nullification and is not allowable.  *See United States v. Joseph*, 567 F. App'x 844, 849 (11th Cir. 2014) ("[W]hen the district court restricted defense counsel's comments about defendant]'s honor and social contributions—comments that were part of his jury nullification efforts—the court did not deny [defendant] the opportunity to make a legally tenable argument. Instead, it kept him from making impermissible arguments.").  Because none of the above characteristics are relevant to the charged offenses, the Court should exclude any evidence and argument addressing these character traits.

*Specific Instances of Conduct*.  The Court should also exclude evidence and argument of specific instances of Defendant's good character, including caring for family members, donations, attending religious services, performing charitable or civic work, or other forms of generosity. Rule 405(b) makes clear that unless a defendant's character or character trait is "an essential element of a charge, claim, or defense," he may not offer evidence of specific instances of good conduct.  Fed. R. Evid. 405(b).  Because none of the above instances of good conduct are relevant

to an essential element of a charge, claim, or defense in this case, evidence of such should be excluded. *See United States v. Bernard*, 299 F.3d 467, 476 (5th Cir. 2002) (approving court's sentencing instruction that jurors should not "consider the religious views of the defendants"); *Santana-Camacho*, 931 F.2d at 967 (excluding evidence that defendant was a good family man and a kind man because it was not a trait relevant to the offense); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (holding evidence of "bravery, attention to duty, perhaps community spirit" were "hardly 'pertinent' to the [charged] crimes"); *United States v. Morison*, 622 F. Supp. 1009, 10111 (D. Md. 1985) (holding "patriotism" was not a relevant trait to the charged offense).

### 3. Defendants' Claimed Ignorance of the Law

The Court should exclude evidence and argument from Defendant that he was ignorant of the illegality of the charged conduct. "The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system." *Cheek v. United States*, 498 U.S. 192, 199 (1991). While there is a "narrow exception," *United States v. Brooks*, 681 F.3d 678, 700 n.18 (5th Cir. 2012), that exception is "reserved . . . to limited types of statutory violations involving 'complex' statutes—namely those governing federal tax law and anti-structuring transactions." *United States v. Kay*, 513 F.3d 432, 448 (5th Cir. 2007); *see Bryan v. United States*, 524 U.S. 184, 195 (1998).

Because ignorance of the law is not a defense to any of the charged offenses, any evidence and argument that Defendant did not know that the charged conduct was illegal should be excluded as irrelevant, and Defendant should not be permitted to ask witnesses if they knew their conduct was illegal or whether they intended to commit crimes.

### 4. Penalties and Collateral Consequences

The Court should exclude evidence and argument of the potential penalties or consequences Defendant faces if he is convicted, including: (a) the maximum penalties; (b) that Defendant could be incarcerated; and (c) any mention of the impact on Defendant's family.

The potential penalties faced by Defendant are irrelevant to the jury's determination of guilt or innocence. *See Shannon v. United States*, 512 U.S. 573, 579 (1994) ("[A] jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" (quoting *United States v. Rogers*, 422 U.S. 35, 40 (1975))). "[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id*. at 579. Accordingly, the D.C. Circuit has held that "the jury is not to consider the potential punishment which could result from a conviction." *United States v. Broxton*, 926 F.2d 1180, 1183 (D.C. Cir. 1991); *see, e.g., United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980) ("The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial."). Any discussion of possible penalties would serve no purpose beside improperly inviting the jury to render a verdict based on sympathy for the defendants—that is, to engage in jury nullification. *See United States v. Bell*, 506 F.2d 207, 226 (D.C. Cir. 1974) ("[E]vidence which has the effect of inspiring sympathy for the defendant or for the victim . . . is prejudicial and inadmissible when otherwise irrelevant.") (quoting 1 Wharton's Criminal Evidence 164 at 304 (13th ed. 1972)); *United States v. White*, 225 F. Supp. 514, 519 (D.D.C 1963) ("The proffered testimony (which was clearly designed solely to arouse sympathy for defendant) was thus properly excluded.").

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court grant the

requested relief or, if the Court reserves ruling, to consider the above arguments when the relevant

issues arise during trial.

Date: July 5, 2023

                                   Respectfully submitted,

                                   MATTHEW M. GRAVES
                                   United States Attorney
                                   D.C. Bar No. 481052

By:          */s/ Cytheria D. Jernigan*
                                   CYTHERIA D. JERNIGAN
                                   Assistant U.S. Attorney
                                   D.C. Bar No. 494742

                                   WILL N. WIDMAN
                                   Trial Attorney
                                   NC Bar No. 48158

                                   Detailees
                                   United States Attorney's Office
                                   for the District of Columbia
                                   601 D Street, NW
                                   Washington, D.C. 20530
                                   Phone: (202) 353-8611
                                   Will.Widman@usdoj.gov
                                   Cytheria.Jernigan@usdoj.gov