**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:21-CR-725 (MAU)** |
| | : | |
| **JARED SAMUEL KASTNER,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE*

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia and undersigned counsel, hereby opposes the defendant's Motion *in Limine* (ECF No. 121). In that motion, the defendant asks this Court pursuant to Federal Rule of Evidence 401 and 403 to preclude the government from introducing evidence of "signs, fencing, dispersal announcements, barricades or other barriers," suggesting that although he "freely walked into the U.S. Capitol" he supposedly did so at a time when there were no signs, warnings, announcements, or police officer resistance. *Id.* at 1-2. The defendant also seeks an order precluding the government from arguing that the defendant "is guilty of any crime(s) due to the criminal conduct of others." *Id.* at 1. As explained below, neither contention has merit.

### I. Evidence Warning Rioters Against Entrance is Relevant and Not Unduly Prejudicial

Federal Rule of Evidence 401 states evidence is relevant if:

(a) It has any tendency to make a fact more or less probable than it would be without the evidence; and
(b) The fact is of consequence in determining the action. Fed. R. Evid. 401.

The determination of relevance is a two-step analysis, one being probative value and the other materiality. *Dowling v. United States*, 493 U.S. 342, 351 n. 3 (1990); *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014); *United States v. Shomo*, 786 F.2d 981, 985 (10th Cir.

1986); *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981). The standard is expansive. "[E]vidence need not be conclusive in order to be relevant. An incremental effect.... is sufficient...." *United States v. Certified Environmental Services, Inc.*, 753 F.3d 72, 90 (2d Cir. 2014). It is a very low bar for evidence to be relevant "because the degree of materiality and probativity necessary for evidence to be relevant is 'minimal' and must only provide a fact-finder with a basis for making some inference of chain of inferences." *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir.), *cert. denied*, 552 U.S. 1030 (2007).

On the other hand, relevant evidence may be excluded if the probative value is outweighed by adverse considerations such as the danger of unfair prejudice, confusion, or waste of time. According to Rule 403, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or other considerations Fed. R. Evid. 403. Because the law favors the admission of all relevant evidence, exclusion under Rule 403 "is 'an extraordinary remedy [that] should be used sparingly.'" *United States v. Watson*, 766 F.3d 1219, 1241 (10th Cir. 2014).

The defendant's request to exclude evidence of signage, fencing, barriers, and other evidence alerting him that he was not allowed to enter the Capitol's restricted area is meritless. As the defendant acknowledges (ECF No. 121 at 1), such evidence is plainly admissible, at a minimum, if the government "first lays a foundation that [the defendant] actually was in a place to witness such features." *Ibid.* Here, as in other January 6 cases involving charges of unlawful entry under 18 U.S.C. § 1752(a)(1), the government's evidence will show that, in preparation for January 6, the restricted area around the Capitol was clearly marked with fencing, barricades, and, in many locations, signage. As it has in prior Capitol Breach trials, the Government intends in its case-in-chief to introduce the following map of the restricted perimeter in place on January 6,

2021, in conjunction with the testimony from witnesses from the U.S. Capitol Police and U.S. Secret Service about the restricted area and security measures on that day:



Since Kastner is charged with entering and remaining in any restricted building or grounds and with engaging in disorderly or disruptive conduct in or within such proximity to any restricted building or grounds, evidence showing the location of the restricted area is relevant. In addition, the evidence will show that, before the riot began and before the defendant himself entered the restricted area, the defendant approached the restricted area from the west side and that, from there, he made his way to the barricades on the west side of the Capitol. That evidence will provide a more than adequate foundation for admitting, at trial, evidence of the fencing, barricades, barriers, and signage that the defendant would have seen along his path. Even if Kastner were not charged with violation of 18 U.S.C. §§ 1752(a)(1) and (a)(2), such evidence is "plainly relevant and admissible to place [Defendant's] alleged acts in context and to show that the Capitol grounds were not open to the public on January 6." *United States v. Rhodes*, 22-cr-15(APM) (D.D.C. Sept. 7, 2022) (Omnibus Order, ECF 294 at p. 5). Contrary to the defendant's suggestion, there is ample foundation for admitting the evidence that the defendant's conclusory motion seeks to exclude.

## II.  Exclusion of Other Rioters' Conduct Would Mischaracterize January 6 Events

The defendant's request to exclude evidence of the "actions of others" is also meritless. First, the defendant's motion *in limine* tries to bar, under the banner of "actions of others," arguments and evidence that are rooted firmly in individual, principal liability and that are accordingly permissible. Counts Two and Three of the Superseding Information charge the defendant with committing disorderly and disruptive conduct (in violation of 18 U.S.C. § 1752(a)(2), and 40 U.S.C. § 5104(e)(2)(D), respectively), and both offenses require proof of disorderly and disruptive conduct: with the intent to impede or disrupt government business (Count Two), and with the intent to impede, disrupt, or disturb an orderly session of Congress (Count Three). *Id.* Count Two also carries the additional requirement that the conduct "*in fact*, impedes or disrupts the orderly conduct of Government business or official functions." 18 U.S.C. § 1752(a)(2) (emphasis added). As can be seen from the jury instructions used in other January 6 cases, disorderly conduct includes conduct that is "unreasonably loud and disruptive under the circumstances." *See e.g.*, *United States v. Matthew Bledsoe*, No. 1:21-cr-204 (BAH), ECF No. 215 at 9 (D.D.C. July 21, 2022). In other words, context matters. *See United States v. Stedman*, 21-cr-383 (BAH) 2023 WL 3303818 at *1 (D.D.C. May 8, 2023) (denying a defense motion *in limine* to exclude evidence regarding January 6, 2021 events for which defendant was not present and did not observe); *United States v. Griffith*, No. CR 21-244-2 (CKK), 2023 WL 2043223, at *2–*3 (D.D.C. Feb. 16, 2023) (denying defendant's motion *in limine* seeking "to exclude 'all conduct by others other than defendant,'" pursuant to Rules 401, 402, and 403); *United States v. MacAndrew*, No. CR 21-730 (CKK), 2022 WL 17961247, at *3 (D.D.C. Dec. 27, 2022) (similar); *United States v. Carpenter*, No. CR 21-305 (JEB), 2023 WL 1860978, at *3–4 (D.D.C. Feb. 9, 2023) (similar).

To prove that the defendant's conduct attempted to—and did in fact—impede and disrupt Congress, the government expects to present testimony from law enforcement officers who served at the Capitol on January 6, 2021. The officers will explain that the Capitol grounds were closed to the public on January 6, 2021; that no member of the mob was authorized to be on those grounds; that no member of the mob submitted to security checks; and that the Capitol Police assessed every member of the mob to be an active threat. Given a variety of factors, including the size of the crowd and the existence of multiple breach points, Congress was forced to recess. Congress could not resume its business until the entire mob was cleared. The defendant was present within the restricted grounds—immediately outside as well as inside the Capitol building—and law enforcement officers ultimately had to expel all rioters before Congress could return from recess. In that way, his conduct was *in fact* disruptive. And proof of this requires evidence of the conduct of other rioters. As Judge Kollar-Kotelly explained in concluding a defendant was guilty of violating 18 U.S.C. § 1752(a)(2):

> The following metaphor is helpful in expressing what the statute [18 U.S.C. §1752(a)(2)] *does* require. Just as heavy rains cause a flood in a field, each individual raindrop itself contributes to that flood. Only when all of the floodwaters subside is order restored to the field. The same idea applies in these circumstances. Many rioters collectively disrupted Congressional proceedings, and each individual rioter contributed to that disruption. Because [the defendant's] presence and conduct in part caused the continued interruption to Congressional proceedings, the Court concludes that [the defendant] in fact impeded or disrupted the orderly conduct of Government business and official functions.

*United States v. Rivera*, 607 F.Supp.3d 1, 9 (D.D.C. 2022) (*emphasis in the original*); *see also United States v. Rhine*, No. 21-cr-0687 (RC), 2023 WL 2072450 at *7 (D.D.C. Feb. 23, 2023) (ruling that in a January 6 prosecution, the government could use compilation videos showing the actions of other rioters in and around the Capitol on January 6 to show Congress was in fact impeded or disrupted). It was the mob's collective action—*i.e.*, the actions of the defendant

alongside the actions of his fellow rioters—that ultimately disrupted Congress. This characterization misstates nothing and is fair argument for the jury.

Second, the conduct of other rioters is also relevant for another purpose: at least where those other rioters' actions were known to the defendant, their conduct is probative of the defendant's own mens rea and motive. The defendant's motion *in limine* suggests that contextual information about the conduct of other rioters around the defendant on January 6 could confuse the issues. But it is neither novel nor controversial to see other people's behavior as probative of a defendant's state of mind. Indeed, in other trials arising out of the January 6, 2021 riot at the Capitol, the government has made similar arguments about the relationship between the conduct of nearby rioters and other defendants' states of mind. *See* e.g., *Rivera*, Tr. 6/15/2022 at 198 (Closing Argument) ("Mr. Rivera was part of a huge collective of people who disrupted Congress and the staff as they worked … He heard people chanting outside the building. 'Whose house? Our house.' He heard those same chants when he entered the building as well. He watched rioters confront law enforcement on the west front plaza and fight to fend off the mobs on the northwest stairs."); *see also Rhine*, 2023 WL 2072450 at *6 ("The Court agrees with the parties that evidence of the conduct of others that Defendant was aware of or reasonably could have observed … is probative as to his mental state and admissible).

To be sure, the defense may argue—if the evidence supports it—that the defendant failed to see, hear, or understand what was happening around him. But the defense should not be able to convert this argument into a legal principle which treats the events happening around the defendant as irrelevant. Context matters. The behavior of other rioters, together with other evidence, matters. That evidence tends to establish the defendant's intent and motive when he joined the other rioters

in breaching the barricades on the West Side of the Capitol, entering the Capitol building, and remaining inside the restricted area.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the requested relief or, if the Court reserves ruling, to consider the above arguments when the relevant issues arise during trial.

Date: July 10, 2023

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:        */s/ Cytheria D. Jernigan*
CYTHERIA D. JERNIGAN
Assistant U.S. Attorney
D.C. Bar No. 494742

WILL N. WIDMAN
Trial Attorney
NC Bar No. 48158

Detailees
United States Attorney's Office
for the District of Columbia
601 D Street, NW
Washington, D.C. 20530
Phone: (202) 353-8611
Will.Widman@usdoj.gov
Cytheria.Jernigan@usdoj.gov
