UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**JARED SAMUEL KASTNER,**<br><br>Defendant. | Case No. 21-cr-725-MAU-1 |

## ORDER REGARDING TRIAL PROCEDURES

This case is set for trial beginning Wednesday, April 3, 2024, in Courtroom 5. The Parties are to abide by the following trial procedures:

1. **Trial Schedule**. The trial will begin with jury selection on Wednesday, April 3, 2024, at 9:30 a.m. in Courtroom 5. Unless the Parties are otherwise notified, the Court will convene the evidentiary portion of the trial from 9:30 a.m. to 12:30 p.m. and 1:30 p.m. to 5:00 p.m., Monday through Friday, with a brief mid-morning and mid-afternoon recess.[1] Counsel should be prepared to deliver their opening statements promptly after the jury has been selected and sworn in and the Court has issued preliminary instructions.
    a. Opening statements shall not exceed 30 minutes per Party. Any exhibits, charts, or summaries to be used in opening statements must be cleared with opposing counsel prior to the opening statements. If any Party objects, such objections must be submitted to the Court for resolution by 9:00am on Wednesday, April 3, 2024.
    b. Immediately after opening statements, the government must be prepared to call its first witness.
    c. Unless otherwise instructed by the Court, counsel and the Defendant should be present in the courtroom each morning at least fifteen minutes before trial begins to address any preliminary matters. Trial before the jury will convene promptly at the designated time on each trial day to avoid keeping the jury waiting.

2. **General Courtroom Rules**. In addition to exercising civility, counsel shall comply with the following rules unless leave is otherwise granted:
    a. examine witnesses from the lectern and refer to the Defendant and all witnesses over the age of 18 as "Mr." or "Ms." rather than by a first name or nickname;
    b. request permission before approaching a testifying witness;
    c. stand when raising objections;
    d. stand when the jury is entering or leaving the courtroom;
    e. direct all statements for the record to the Court rather than to the opposing Party.

---

[1] The Court will not conduct any proceedings on Friday, April 5, 2024.

3. **Technical Equipment**.  Counsel needing technical assistance with courtroom equipment (*e.g.,* overhead projectors, video display monitors) must contact the Courtroom Technology Administrator of the Clerk's Office at (202) 354-3019.

4. **Statement of the Case**.  The Court intends to describe the case to the venire panel as follows:

   The Defendant in this case—Jared Samuel Kastner—is charged in a Superseding Information with four crimes relating to his alleged conduct in and near the United States Capitol Building on January 6, 2021.  Count One charges the Defendant with Entering and Remaining in a Restricted Building or Grounds; Count Two charges the Defendant with Disorderly and Disruptive Conduct in a Restricted Building or Grounds; Count Three charges the Defendant with Disorderly Conduct in a Capitol Building; and Count Four charges the Defendant with Parading, Demonstrating, or Picketing in a Capitol Building.  The Defendant has pleaded not guilty to all charges.

5. **Motions or Objections During Trial**.
   a. No evidentiary objections shall be argued in the presence of the jury.  Counsel must state clearly and succinctly the legal basis for any objection in a word or short phrase.  To protect the record for appellate review, counsel may explain or amplify an objection on the record outside the hearing of the jury or after the jury has been excused.  If counsel plans to engage in a line of inquiry that requires judicial pre-approval, counsel may request a bench conference.  Unless otherwise instructed by the Court, counsel should use the phones provided at the counsel tables to communicate during a bench conference.

   b. Bench conferences should be requested only when necessary because counsel intends to refer to issues requiring pre-clearance (*e.g.*, anticipated questions or testimony may refer to a missing witness or potentially inflammatory subject matter).  Counsel should not expect requests for a bench conference to be routinely granted and should, instead, consider whether the issue counsel wishes to address at the bench can wait until the jury is excused for a recess.

6. **Witness Examination**.
   a. A Party calling a witness must arrange for the witness' presence until cross-examination is completed.  Failure to have a witness present for cross-examination is grounds for striking the witness' testimony.  Except in extraordinary circumstances, the Court will not recess the trial due to the unavailability of a witness.

   b. After a non-Defendant witness has been tendered for cross-examination and until the witness has been tendered back for redirect, counsel calling that witness—including law enforcement officers or investigators—to testify must have no further discussions with that witness concerning any aspect of the testimony already given or anticipated.  For a Defendant-witness, the Court refers the Parties to the guidelines set forth in *United States v. McLaughlin*, 164 F.3d 1, 4–7 (D.C. Cir. 1998), *cert. denied*, 526 U.S. 1079 (1999).

7. **Jury Instructions**.  If events during trial necessitate an immediate jury instruction, counsel requesting the instruction must provide the Court with the text of the proposed instruction; otherwise, the request may be considered waived.  If a Party would like an instruction included in the Court's final instructions to the jury, that Party bears the responsibility of providing the Court with the proposed text prior to the charging conference.

8. **Juror Confidentiality**.  The names and personal information of prospective and selected jurors in any trial of this matter shall be kept confidential and not disclosed outside of open court, except upon order of the Court.  *See* D.D.C. JURY SELECTION PLAN ¶ 18.1 (updated May 17, 2022), available at https://www.dcd.uscourts.gov/jury-selections.  Counsel and Parties are cautioned that violation of this directive may result in contempt proceedings.

Date: April 1, 2024

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE