UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 1:21-CR-00725 (MAU) |
| v. | : | |
| | : | |
| JARED SAMUEL KASTNER, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT KASTNER'S MOTION TO CONVERT SENTENCING HEARING TO ZOOM

Now comes the United States, by and through its attorney, the United States Attorney for the District of Columbia, to respectfully request that the Court deny the defendant's motion to convert the sentencing hearing, which is currently scheduled for September 25, 2024, from an in-person hearing to a virtual hearing. ECF No. 196 ("Def. Mot."). Kastner argues conversion is warranted because he would have significant difficulty paying for his travel expenses and no ability to pay counsel for "their time or travel" and his counsel asserts he would have great difficulty covering the travel costs for himself and his team. Because of the critical issues to be ruled upon in determining a reasonable and just sentence for Kastner in conjunction with the paucity of support for the motion, the court should deny this motion.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Kastner was charged by criminal complaint on December 7, 2021, and arrested on December 8, 2021. ECF Nos. 1, 5. He was charged by Superseding Information on February 9, 2022. ECF No. 24. Trial began over two years later on April 3, 2024, and concluded on April 11, 2024. ECF Entries dated April 3, 2024, and April 11, 2024. The jury returned guilty verdicts on each of four misdemeanor counts in the Superseding Information. Following the guilty verdicts, Kastner was ordered to appear in person for sentencing.

### A.     Kastner's Motion Does Not Satisfy the Rule's Requirements

Federal Rule of Criminal Procedure 43 provides that a defendant must be present at sentencing. Fed. R. Crim. Proc. 43(a)(3). The rules envision defendants such as Kastner be physically present for critical stages in their case such as sentencings. There are few exceptions to this rule. Indeed, a defendant's right to be present and speak when his sentence is imposed is constitutionally based. *See United States v. Jackson*, 923 F.2d 1494 (11th Cir. 1991). However, a defendant need not be present if the defendant has been convicted of a misdemeanor offense provided a defendant has given his written consent and the court permits the sentencing to occur by video teleconferencing. Fed. R. Crim. Proc. 43(b)(2). Here, the motion before the court is wholly lacking any written waiver from Kastner as required by the rule. Similar to when a continuance of the trial was sought earlier in this case, this court had to instruct counsel to confer with his client to determine his client's position on requesting a continuance of the September 2023 trial date. ECF Entry dated September 12, 2023. The defendant may voluntarily and knowingly waive his rights under Rule 43, including the right to appear at the sentencing hearing. *See United States v. Melton*, 782 F.3d 306, 311 (6th Cir. 2015). But that is not the end of the matter.

### B.     Kastner's Motion Raises More Questions

Should Kastner rectify the motion's infirmities, this court has the discretion by law to decide whether to grant his request. In this case, there are several reasons that counsel against granting the defendant's motion. First, the government through its sentencing memorandum is seeking an obstruction of justice enhancement based on Kastner's perjurious trial testimony. ECF No. 194, pps. 18-23. This is a significant matter to be resolved. In addressing this and other sentencing issues, the court can best assess Kastner's credibility, demeanor, and any sense of remorse (or its absence) in person. Thus, both sides have an interest in conducting these proceedings in court and not over a video screen.

Second, more information should be required beyond the bare, unsubstantiated assertion that Kastner would have significant difficulty to pay for his own travel. ECF No. 196. Kastner does not claim that he is unable to pay for his own travel, only that it would be difficult. The sentencing hearing, long-since scheduled, would take place over one day, one afternoon. Kastner would have the court believe that he could travel to the District of Columbia to protest but he cannot travel for an afternoon to allocute in person. Further, Kastner raised almost $6,000 through a crowd-funding website. Left unanswered by the motion is why has it taken until now for any issue over funding to be raised. The court perceptively and expressly ordered Kastner to appear in person at the conclusion of his trial. Even in the weeks and months since then, no objection to Kastner's personal appearance, or that of his counsel, has been raised. Kastner's financial condition certainly has not significantly changed since the draft Pre-Sentence Investigation Report was issued on August 16, 2024. ECF No. 190. His motion to convert to a video sentencing hearing addresses none of these issues.

### C. Defendants Already Convicted and Sentenced Cannot Simply Request Video Conferencing

The standard "principles of statutory interpretation apply also to federal rules, including the Federal Rules of Criminal Procedure" and this Court must "begin with the text." *In re Capitol Breach Grand Jury Investigations Within the District of Columbia*, 339 F.R.D. 1, 9 (D.D.C. 2021). The text of Rule 32.1 does not expressly provide for videoconferencing. Rule 5(f) and Rule 10(c) permit videoconferencing if the defendant consents. But there is no such express permission under Rule 32.1. Indeed, the Advisory Committee never adopted a proposed amendment to Rule 32.1 that would have authorized the Court to permit the defendant to appear by video conference upon request. *United States v. Thompson*, 599 F.3d 595, 601 n.5 (7th Cir. 2010). In *Thompson*, the Seventh Circuit reasoned that the fact that "videoconferencing is permitted only pursuant to a

specifically enumerated exception and with the defendant's consent demonstrates that the use of this technology is the exception to the rule, not the default rule itself." *Id.* at 600-01.

Several courts have held that sentencings may not proceed by video conference under any circumstances. Although each of these cases involved felony offenses, the reasoning may be instructive to this court in the application of Rule 43(b)(2) to a misdemeanor defendant seeking the court's permission under circumstances wanting in many respects. *See United States v. Williams*, 641 F.3d 758, 764 (6th Cir. 2011) ("Consistent with the results reached by our sister circuits, we agree that a district court may not conduct a sentencing hearing by video conference"); *United States v. Torres–Palma*, 290 F.3d 1244, 1248 (10th Cir. 2002) ("video conferencing for sentencing is not within the scope of a district court's discretion"); *United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir.2001) ("We conclude that the plain text of Rule 43 mandates that a defendant be physically present at sentencing except when the rule specifically provides otherwise."); *United States v. Jones*, 410 F. Supp. 2d 1026, 1030-31 (D.N.M. 2005) (holding that Rule 43 does not permit sentencing by video conferencing even if the defendant consents to appear virtually). Although the D.C. Circuit has not yet addressed the issue, the soundest approach would be to conduct the sentencing in person.

The only circuit case to consider the right to appear under Rule 32.1(b)(2) is *United States v. Thompson*, 599 F.3d 595 (7th Cir. 2010). In *Thompson*, the parties appeared for a revocation hearing in Rockford, Illinois, but the judge appeared by video teleconference from a courtroom in Key West, Florida. The defendant objected and later appealed his sentence challenging the judge's decision to conduct the revocation hearing by teleconference. The Seventh Circuit held that Rule 43, which requires the physical presence of the defendant the courtroom, "is inapplicable to supervised-release revocation hearings." *Id.* at 599. The Seventh Circuit went on to hold, however, that "the 'appearance' mandated by Rule 32.1(b)(2) requires the defendant and the judge to be

4

physically present in the same courtroom." *Id.* According to the Seventh Circuit, "appearing before the court allows the defendant to plead his case *personally* to the judge who will decide whether to revoke supervised release and return him to prison. This is particularly true in light of the defendant's right to 'make a statement and present any information in mitigation.'" *Id.* (emphasis in original) (quoting Fed. R. Crim. P. 32.1(b)(2)(E)). This interpretation "comports with the traditional legal understanding of a person's 'appearance' before a court when his liberty is at stake in the proceeding; in this situation, to 'appear' has generally been understood to require the defendant to come personally before a judicial officer." *Id.* at 600.[1] The court concluded that the "opportunity to appear" in Rule 32.1(b)(2) "exclude[s] an 'appearance' by videoconference." *Id.* at 601. Even if *Thompson* involved certain factual differences (such as its posture following a revocation and not a trial conviction), its concern with a defendant's ability to personally plead his case suggests that personal appearance for sentencing should not be lightly waived or waived without full compliance with Rule 43. *Thompson* may be also be distinguishable in that it was the judge, not the defendant, who appeared virtually over the defendant's objection. But *Thompson* still stands for the general proposition that the defendant should appear in person if he exercises his right to allocution or to present information in mitigation. Conducting the proceeding in person "permits the judge to experience 'those impressions gleaned through any personal confrontation in which one attempts to assess the credibility or to evaluate the true moral fiber of another.'" *Thompson*, 599 F.3d at 599 (quoting *Del Piano v. United States*, 575 F.2d 1066, 1069 (3d

---

[1] The Seventh Circuit concluded that a violation of Rule 32.1 is subject to harmless-error analysis and remanded the case to determine if the error affected the outcome. In doing so, the Seventh Circuit warned that "the judge's absence from the courtroom materially changes the character of the proceeding" and the government "bears a heavy burden in showing that such a significant procedural shift was harmless." *Id.* at 601.

Cir.1978)). And it reflects the seriousness of the proceeding since the defendant's liberty is at stake.

Evidence at sentencing can be presented more effectively in person. This benefits both parties. In this case, evidence and argument concerning Kastner's credibility will likely be an important part of the sentencing process, and for that reason, and in this case, the United States submits that the sentencing should proceed as this Court scheduled it: in person.

## CONCLUSION

For the reasons stated above, the government respectfully submits that the Court keep the in-person hearing and deny the defendant's motion to convert the proceeding to a virtual hearing.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:  */s/ Cytheria D. Jernigan*
Cytheria D. Jernigan
DC Bar No. 494742
Assistant U.S. Attorney, WDLA
Detailed to the U.S. Attorney's Office
for the District of Columbia
601 D Street NW, Washington, DC 20530
(318) 676-3611 (v)
(318) 676-3663 (f)
Cytheria.Jernigan@usdoj.gov

*/s/ Will N. Widman*
WILL N. WIDMAN
NC Bar No. 48158
Trial Attorney, Detailee
U.S. Attorney's Office
For the District of Columbia
601 D. Street, NW
Washington, D.C. 20001
(202) 353-8611
Will.Widman@usdoj.gov