UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-CR-00725 (MAU) |
| v. : | |
| : | |
| JARED SAMUEL KASTNER, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR A 45-DAY CONTINUANCE TO REPORT TO PRISON

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Jared Kastner's Motion to Delay his Report Date, ECF No. 214.

On April 12, 2024, Kastner was convicted at trial of violations of 18 U.S.C §§ 1752(a)(1) and (a)(2), and 40 U.S.C. §§ 5104(e)(2)(D) and (2)(G). Minute Entry, April 12, 2024. On October 23, 2024, the Court sentenced Kastner to, among other penalties, a term of incarceration of five months followed by one year of supervised release. Following imposition of the sentence, on December 4, 2024, Kastner was instructed by the U.S. Probation Office to report to Metropolitan Correctional Center ("MCC") Chicago on December 23, 2024, to begin serving his sentence. On December 10, 2024, the defendant moved to delay his reporting date. ECF No. 214. The Court should deny this request.

The defense requests that the Court delay Kastner's self-surrender date by 45 days. *Id.* That request is unsupported. Kastner cites his family's financial circumstances, childcare, and holiday preparations as reasons for delaying his report date to the U.S. Bureau of Prisons. *Id.* The defendant characterizes his report date as an "ancillary punishment," which would result in "emotion distress," "torment," and "emotional pain." *Id.* However, the defendant points to no

caselaw or legal authority in support of the relief sought. The U.S. Probation Office, in coordination with the U.S. Bureau of Prisons—not the Court or the undersigned—determined a report date for the defendant in the normal course. At the time of the defendant's scheduled report date, the defendant will have had a reasonable amount of time of two months to arrange for childcare and conclude his financial affairs in order to begin his term of incarceration.

Kastner's arguments regarding a delay in reporting due to the forthcoming holidays are unpersuasive. In *United States v. Alexander Sheppard*, Judge Bates denied a similar motion where January 6 defendant Sheppard requested to delay self-surrender to the U.S. Bureau of Prisons to spend time with his family during the holidays. 21-cr-203-JDB, 2023 WL 6847010, at *2 (Oct. 17, 2023) (slip opinion). Like Kastner, Sheppard was found guilty following a jury trial, which concluded on January 26, 2023. *Id.* at *1. Sheppard was sentenced on September 5, 2023, to 19 months' incarceration followed by 24 months' supervised release. *Id.* Judge Bates allowed Sheppard to voluntarily surrender to the U.S. Bureau of Prisons, and Sheppard was subsequently given a self-report date of November 2, 2023—approximately two months after his sentencing, as in Kastner's case. *Id.* In denying Sheppard's motion to delay self-surrender, Judge Bates opined, "The sentencing factors set forth at 18 U.S.C. § 3553(a) require the Court to impose a sentence that 'promote[s] respect for the law' and 'afford[s] adequate deterrence to criminal conduct'… A lengthy delay from conviction to incarceration tends to contravene those principles by severing liability from punishment for the offense. The Court is concerned that if Sheppard's motion were granted, it would be a long time—eleven months from conviction and four months from sentencing—before he began serving his sentence." *Id.* Likewise, granting Kastner's motion would result in a report date ten months from his date of conviction and four months from his sentencing date. Judge Bates further explained, "Such a delay does not promote respect for the

2

law and may undercut the deterrent effect of the sentence for Sheppard, who has not shown any meaningful remorse for his actions." *Id.*  As this Court noted at sentencing, defendant Kastner has similarly not demonstrated remorse or regret with respect to his conduct, and further delay of the defendant's self-report date would undercut the seriousness of the Court's sentence.  Judge Bates acknowledged "the difficulty of spending the holidays in prison" but concluded "…this consideration alone does not justify delay.  If it did, no defendant could be required to report from November to January." *Id.*  Judge Bates recognized defendant Sheppard's "strong family support," and anticipated that Sheppard's family would "find ways to support him during his period of incarceration and upon release." *Id.* at *2.  Likewise, defendant Kastner has strong family support, as demonstrated through interviews with the U.S. Probation Office.  *See* Final Presentence Investigation Report, ECF 201 at 15-16 ("The defendant has the family's support").  The Court should deny Kastner's motion to delay self-surrender for the same reasons articulated by Judge Bates in *Sheppard*.

At the conclusion of the defendant's motion, the defense references notice of Kastner's appeal but does not move for release pending the outcome of appellate proceedings pursuant to 18 U.S.C. § 3143(b)(1).  Thus, the Court should not consider the defendant's appeal as a basis for the relief sought.

Finally, the government suspects that the defendant may believe he will receive a pardon at an unspecified date and, consequently, prefers not to start his prison sentence as scheduled.  Following the defendant's sentencing, Kastner was interviewed by the news media regarding his expectation of a pardon.[1]  Kastner was quoted, stating, "I was first charged on December 6th of

---

[1] *See* https://spectrumnews1.com/oh/columbus/news/2024/11/19/january-6-riots-capitol-pardon, *last visited December 10, 2024.*

3

2021, my trial got delayed and I was finally convicted in April and then I was sentenced in October, I was sentenced to five months incarceration and I am waiting [for] a report to jail date… I remember [president-elect Trump] saying that he would pardon January 6thers on day one." *Id.* The article goes on to state, "Kastner is hopeful that he will not have to report to jail, and that he'll be granted a pardon when President-elect Donald Trump takes office in January." *Id.* Notably, the timing of a speculative pardon is consistent with the defendant's request for a 45-day delay in reporting to serve his sentence. ECF No. 214.

The criminal justice system cannot operate on uncertainty. Indeed, it is neither the Court's role or function to speculate about the president-elect's pardon decisions, nor is it appropriate for the Court to halt the normal functioning of criminal procedure based solely on that speculation. While the Court undoubtedly possesses some inherent authority to delay a defendant's prompt reporting date for logistical reasons or other good cause,[2] the defendant has not shown good cause here.

The defendant in this case was found guilty and the Court imposed a sentence that it determined was sufficient, but not greater than necessary, to comply with the purposes of the law. *See* 18 U.S.C. § 3553(a). There is a societal interest in the prompt and efficient administration of justice. The government and the Court have endeavored to deliver that interest. The jury has rendered its verdict in this case, and the Court pronounced a sentence, and the government respectfully believes there is no basis to delay the application of that sentence. Further, the defendant should not be spared from the normal course of criminal procedure based on any

---

[2] *See United States v. Roskovski*, No. 2:19-cr-106 - 1, 2021 U.S. Dist. LEXIS 149198, at *2 (W.D. Pa. Aug. 9, 2021) ("Inherent in the authority to allow a defendant the opportunity to voluntarily surrender to the BOP to begin serving a sentence is the authority to delay the date on which a sentence may commence for good cause and within reasonable limits.")

speculative hopes and desires that he may later benefit from a potential pardon. Because the defense has not cited good cause to delay the defendant's report date, the Court should order the defendant to promptly report, consistent with other similarly situated defendants in this Court and directives from the U.S. Bureau of Prisons.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By:    */s/ Will N. Widman*
    WILL N. WIDMAN
    NC Bar No. 48158
    Trial Attorney
    United States Attorney's Office
    601 D Street, N.W.
    Washington, DC 20530
    Phone: (202) 353-8611
    Email: Will.Widman@usdoj.gov