UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JARED SAMUEL KASTNER,**<br><br>Defendant. | Case No.<br>21-cr-725 (MAU) |

## ORDER

Before the Court is Defendant Jared Kastner's Motion for a Forty-Five Day Continuance to Report to Prison Due to Extreme Hardship ("Motion"). ECF No. 214. For the following reasons, the Court **DENIES** Kastner's request for a forty-five-day continuance and instead **GRANTS** Kastner a smaller continuance. Kastner shall report to the Bureau of Prisons no later than December 27, 2024.

On April 11, 2024, a jury found Kastner guilty of four misdemeanors arising from his participation in the January 6, 2021 riot at the United States Capitol. ECF No. 179 (Jury Verdict Form). The Court originally scheduled Kastner's sentencing hearing for September 25, 2024, but continued it to October 23, 2024, at Kastner's request. ECF No. 208 (4/11/24 Tr.) at 245:25–246:2; ECF No. 199 at 2. At that hearing, the Court sentenced Kastner to a five-month term of incarceration followed by one year of supervised release. ECF No. 210 (Judgment) at 3–4. The Court permitted Kastner to voluntarily self-report for his sentence. *Id.* at 3; Minute Entry, October 23, 2024. According to the Parties, the U.S. Probation Office in conjunction with the Bureau of Prisons has scheduled his self-report date for December 23, 2024. ECF No. 214 at 2.

Kastner seeks to delay his self-report date so he can spend the holidays with his family. *Id.* at 1–3. He notes he is the father of two young children and claims his wife requires his assistance

1

in caring for them. *Id.* He also asserts the facility he is set to report to is in Illinois, several hours away from his family. *Id.* at 3. The Government opposes Kastner's request, pointing out that Kastner has had two months to prepare himself and his family for his incarceration and that he possesses strong family support. ECF No. 215 1–3. The Government also argues granting Kastner's request "would undercut the seriousness of the Court's sentence" and undermine the principles of sentencing as it would be "ten months from [Kastner's] date of conviction and four months from his sentencing" before Kastner began serving his sentence. *Id.* at 2–3 (citing *United States v. Sheppard*, No. 21-cr-203, 2023 WL 6847010 (D.D.C. Oct. 17, 2023)).

18 U.S.C. § 3553(a) mandates the Court impose "a sentence sufficient, but not greater than necessary, to comply with" certain principles, including to "promote respect for the law," "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed . . . correctional treatment in the most effective manner." *Id.* § 3553(a)(2)(A)–(D). As another court in this District has noted, a "lengthy delay from conviction to incarceration tends to contravene those principles by severing liability from punishment for the offense." *See Sheppard*, 2023 WL 6847010, at *1. Here, if Kastner's Motion were granted, that would amount to an approximately ten-month delay. Such a delay does not "promote respect for the law and may undercut the deterrent effect of the sentence" for Kastner, who has not shown any meaningful remorse for his actions. *Id.*

Kastner also argues that requiring him to report as directed amounts to some "ancillary punishment." ECF No. 214 at 3. Kastner has failed to cite any support for his argument, and the record is clear that the Court did not set the self-reporting date of December 23, 2024. Kastner also makes a number of arguments regarding how the self-reporting date would cause extreme financial hardship. Kastner, who refused to cooperate with the Probation Office with respect to

2

providing financial information for his presentence investigation report, fails now to offer any documentary or other support for this request. *See* ECF No. 201 at 19–20 (presentence investigation report noting Kastner "failed to provide a financial release form"). Nor does he offer any legal authority to support his Motion.

Accordingly, there are no grounds to grant a lengthy forty-five-day continuance, and the Court **DENIES** that request. The Court will, however, **GRANT** a smaller continuance to allow Kastner to spend the Christmas holiday with his wife and children. *See United States v. Loukas*, No. 21-cr-434 (D.D.C. Feb. 15, 2023), ECF No. 27 at 27–29 (allowing a defendant with children facing thirty days of incarceration to self-report after the holiday season); *cf. Sheppard*, 2023 WL 6847010, at *1–2 (diverging from *Loukas* because a defendant's nineteen-month sentence meant he would "inevitably spend a holiday in prison"). Kastner shall report to the Bureau of Prisons no later than December 27, 2024**. SO ORDERED.**

Date: December 19, 2024

_____
MOXILA A. UPADHYAYA
United States Magistrate Judge